IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., #Y24242, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 18−cv–203−MJR |
| vs. | )<br>) |
| THOMAS SCHMIDT, SGT. SELLERS, CIT OFFICER, B.K., A., and V.B., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Timothy Elkins, Jr., an inmate in Jacksonville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at the Madison County Jail ("Jail"). In his Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical and mental health issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on January 31, 2017, Plaintiff was booked in the Jail. (Doc. 1, p. 6). Plaintiff has been taking Xanax for severe anxiety disorder since approximately 2003. *Id.* The Jail was aware of Plaintiff's anxiety, depression, and drinking problem, but Plaintiff did not see mental health about any of these issues. *Id.* Plaintiff did not get treatment for his depression until May 27, 2017. (Doc. 1, p. 7). He was never treated for alcohol withdrawal, which caused him problems eating and using the restroom. *Id.* Plaintiff "quickly lost a lot of weight." *Id.* He already had bowel issues, including a bowel rupture and surgery in 2006. *Id.* He "lost about 50 pounds in a short time." *Id.* Plaintiff sent multiple requests about his anxiety depression, sleeplessness, and trouble eating and using the restroom. *Id.*

Plaintiff also needed dental work, which was not completed until June 27, 2017, at which point seven of his teeth had to be pulled. *Id.* When his teeth were pulled, "on the few days after when [he] ran out of cotton, [he] had to use [his] clothes to soak the blood in [his] mouth because no officer would give [him] cotton for it." (Doc. 1, p. 8). Plaintiff sent multiple requests for dental care from March 21, 2017 to June 21, 2017 prior to receiving care. (Doc. 1, p. 7).

This neglect caused Plaintiff to have a breakdown on August 10 at 9:45pm, at which point he gave a note to Deputy Harold Wilson that stated: "I am having thoughts of killing myself." *Id.* Plaintiff was placed on suicide watch that night. (Doc. 1, p. 6). While Plaintiff was on Block A South, he "was forced to drink hot water for about 2 months. [His] food was also taken by other inmates." (Doc. 1, p. 7).

On July 23, 2017, when Plaintiff stood up in front of Cell #8 on Block D North, he fell and hit his head on the chuck hole. *Id.* Plaintiff gashed a 2.5 inch tear in his forehead and has a permanent scar there because of medical neglect. *Id.* He also suffers from constant neck pain that goes up and down in his back and head. *Id.* His "memory is bad also, mostly short term." *Id.* Deputy Thomas Schmidt and Sgt. Sellers took photographs of the injury and determined it did not need medical treatment, though they are not qualified to make that decision. (Doc. 1, pp. 7-8). Plaintiff needed stitches on his head. (Doc. 1, p. 8). Plaintiff's head and neck were never treated by a doctor. *Id.* "They just put a butterfly stitch and a bandaid on it." *Id.* Plaintiff filed a grievance on these issues on August 21, 2017, but he never received a response. *Id.*

While at the Jail, Plaintiff "observed little black maggots in the sink and raw sewage leaks in the walkway that would stink up the whole block." *Id.*

Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 9).

**Discussion**

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against CIT Officer, B.K., A., and V.B. in the body of his Complaint, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, CIT Officer, B.K., A., and V.B. will be dismissed from this action without prejudice.

Moving to the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical and mental health needs involving his depression, anxiety, and alcoholism, in violation of the Eighth Amendment.

**Count 2 –** Defendants showed deliberate indifference to Plaintiff's serious dental needs, ultimately resulting in Plaintiff having seven teeth removed, in violation of the Eighth Amendment.

**Count 3 –** Defendants showed deliberate indifference to Plaintiff's serious medical needs resulting from his head injury on July 23, 2017, in violation of the

> Eighth Amendment.

**Count 4 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement during his time at the Jail, including maggots in the sink, sewage in the walkways, and hot drinking water, in violation of the Eighth Amendment.

As discussed in more detail below, Count 3 will be allowed to proceed past threshold. Any intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Counts 1, 2, and 4**

The Court need not delve too deeply into the merits of Counts 1, 2, and 4 of this action, as Plaintiff has failed to adequately associate any of the named defendants with these claims. As explained above, Plaintiffs are required to associate specific defendants with specific claims. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of claim, or has failed to describe a particular defendant's unconstitutional actions, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *Collins*, 143 F.3d at 334. Plaintiff did not specifically associate any of the defendants with the allegations underlying Counts 1, 2, and 4, so these counts will be dismissed without prejudice. The Court notes that, should Plaintiff attempt to revive these claims in an amended complaint in the future, the Court may sever some or all of them into separate lawsuits if it finds them to be unrelated to Count 3, which will remain in this action as discussed below. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **Count 3**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may

5

constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Court finds that the large gash in Plaintiff's forehead and the pain and memory loss that Plaintiff allegedly sustained from his fall on July 23, 2017 satisfy the objective component of Count 3 for screening purposes. However, the analysis of these claims does not end there.

The Complaint must also satisfy the subjective component of these claims. To do so, the Complaint must suggest that the defendants exhibited deliberate indifference to Plaintiff's serious medical need. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

This standard is satisfied with respect to Count 3 against Defendants Schmidt and Sellers. According to the Complaint, Schmidt and Sellers took photographs of Plaintiff's injury and determined that it did not need medical treatment, though neither was qualified to make that assessment. Plaintiff maintains that he should have received stitches for the injury and that he

still experiences pain and suffers from memory loss because of it. These allegations support a claim of deliberate indifference under Count 3 against Schmidt and Sellers at this early stage.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

Plaintiff's Motion for Status (Doc. 8) is hereby **DENIED** as moot. This Order provides Plaintiff with the current status of this case.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2**, and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **SCHMIDT** and **SELLERS.** This count is **DISMISSED** without prejudice as against all other defendants.

**IT IS FURTHER ORDERED** that **CIT OFFICER, B.K.**, **A.**, and **V.B.** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 3**, the Clerk of Court shall prepare for **SCHMIDT** and **SELLERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2018**

                s/ MICHAEL J. REAGAN

                **U.S. Chief District Judge**